**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ruben RIVERA, Jesus Sud, Joe Santiago, Defendants–Appellants.**

**No. 88–5683**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 6, 1989.

Miguel Caridad, Asst. Federal Public Defender, Miami, Fla., for Sud.

Nancy Wear, Coral Gables, Fla., for Santiago.

Sheryl J. Lowenthal, Coral Gables, Fla., for Rivera.

Dexter W. Lehtinen, U.S. Atty., Anne M. Hayes, Linda Collins Hertz, Dawn Bowen, Miami, Fla., for U.S.

Before KRAVITCH, ANDERSON and COX, Circuit Judges.

**PER CURIAM:**

In this appeal, appellants raise two issues concerning their convictions under 21 U.S.C.A. § 846 (conspiring to possess with intent to distribute over 5 kilograms of cocaine), 21 U.S.C.A. § 841(a)(1) (possession with intent to distribute over 5 kilograms of cocaine), and 18 U.S.C.A. § 924(c)(1) (carrying a firearm during and in relation to a drug trafficking crime).[1] First, they contend that possession with intent to distribute narcotics does not constitute a drug trafficking offense under 18 U.S.C.A. § 924(c)(1) (Supp. IV 1986); and second, appellant Sud challenges the sufficiency of the evidence underlying his conviction under 18 U.S.C.A. § 924(c)(1). Finding no merit in either of these arguments, we affirm their convictions.

The acts that gave rise to the appellants' criminal convictions under 18 U.S.C.A. § 924(c)(1) took place on October 30, 1987. At that time, § 924(c)(1) provided in pertinent part that:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....

Although it has since been amended, at the time of the offense, § 924(c)(2) (Supp. IV 1986) defined a "drug trafficking crime" as "any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance...."[2] Appellants argue that because the statute only explicitly references "distribution, manufacture, or importation," a criminal offense of possession with intent to distribute is not sufficient to constitute a drug trafficking crime for purposes of obtaining a conviction under § 924(c)(1). Such an argument is contrary to this court's recent decision in *United States v. Poole*, 878 F.2d 1389, 1393 (11th Cir.1989) (per curiam), in

---

1. Although the appellants raise other arguments as well, we reject those arguments as being clearly without merit; consequently, we address only the two contentions that are worthy of extended discussion.

2. Effective November 18, 1988, this statute was amended by the Anti–Drug Abuse Act of 1988, Pub.L. No. 100–690, § 6211, 102 Stat. 4181, 4360, to read that "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)...."

which we held that possession with intent to distribute constituted a drug trafficking crime under § 924(c)(1).[3] *Accord United States v. Henry*, 878 F.2d 937, 943 (6th Cir.1989); *United States v. Nash*, 876 F.2d 1359, 1361–62 (7th Cir.1989); *United States v. Robinson*, 857 F.2d 1006, 1010 (5th Cir. 1988); *United States v. Matra*, 841 F.2d 837, 843 (8th Cir.1988); *United States v. James*, 834 F.2d 92, 93 (4th Cir.1987). *See also United States v. Torres*, 862 F.2d 1025, 1030 (3rd Cir.1988) (applying common sense understanding of "distribution, manufacture, or importation" under § 924(c)(2) to hold that conspiracy to distribute cocaine is a drug trafficking offense for § 924(c)(1) purposes).

Sud's argument that the government's evidence was insufficient to convict him of § 924(c)(1) because as a police officer he was instructed to carry a firearm with him at all times is equally unavailing. The fact that he might have been a police officer at the time the offense was committed does not give him license to flaunt the clear dictates of the law. This court's decision in *United States v. Bower*, 575 F.2d 499, 501 (5th Cir.), *cert. denied*, 439 U.S. 983, 99 S.Ct. 572, 58 L.Ed.2d 654 (1978), in which we acknowledged that the predecessor statute to § 924(c)(1) was designed "to avoid imposing additional penalties on persons, such as policemen, who commit federal felonies while lawfully carrying firearms," provides no solace to Sud. The statute in *Bower* only made it illegal for an individual to *unlawfully* carry a firearm during the commission of a felony.[4] However, when Congress amended this statute as part of the Comprehensive Crime Control Act of 1984, it expanded the law's scope. *See United States v. Poole*, 878 F.2d at 1394. The reason for this change can be found in the Act's legislative history:

> The requirement in present section 924(c) that the gun be carried unlawfully, a fact

usually proven by showing that the defendant was in violation of a State or local law, has been eliminated as unnecessary. The "unlawfully" provision was added originally to section 924(c) because of Congressional concern that without it policemen and persons licensed to carry firearms who committed Federal felonies would be subjected to additional penalties, even where the weapon played no part in the crime, whereas the section was directed at persons who chose to carry a firearm as an offensive weapon for a specific criminal act.... The Committee has concluded that persons who are licensed to carry firearms and abuse that privilege by committing a crime with the weapon, as in the extremely rare case of the armed police officer who commits a crime, are as deserving of punishment as a person whose possession of the gun violates a State or local ordinance.

S.Rep. No. 225, 98th Cong., 2d Sess., 314 n. 10 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3492 n. 10.

■ Consequently, the only issue is whether there was sufficient evidence for the jury to find that Sud intended or was ready to use the gun, if necessary, either during the commission of the offense or in making his escape. *See id.* ("Evidence that the defendant had a gun in his pocket but did not display it, or refer to it, could nevertheless support a conviction for 'carrying' a firearm in relation to the crime if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape"). In this case, the evidence was sufficient for a jury to conclude that the carrying of firearms was viewed by the defendants as a necessary element toward the completion of their crime. The defendants were attempting to commit ei-

---

**3.** Because the offense in *Poole* took place on May 23, 1988, the Anti–Drug Abuse Act of 1988 amendments to § 924(c)(2), *see supra* n. 2, were not applicable to the court's decision; rather, the statute the court construed was the same statute before this court *sub judice*.

**4.** As this court explained in *United States v. Machado*, 804 F.2d 1537, 1546 (11th Cir.1986),

to obtain a conviction under § 924(c)(1)'s predecessor, the government was required to prove as an element of the offense that the defendant's "act of carrying the firearm must, in and of itself, have violated Federal, state, or local law." *See also United States v. Rouco*, 765 F.2d 983, 996 (11th Cir.1985), *cert. denied*, 475 U.S. 1124, 106 S.Ct. 1646, 90 L.Ed.2d 190 (1986).

1032

ther a drug or jewelry "ripoff"—that is, they thought that they would be stealing either drugs or jewelry from the room of an individual believed to be involved in illegal drug or jewelry smuggling. Two days before the commission of the offense, the defendants discussed the need to have weapons with them. Moreover, on the day of the offense, not only did each of the defendants confirm to his colleagues that he was carrying a weapon, but when Maldonado, the government's informant, admitted that he did not have a firearm, one was provided to him. From this evidence, a jury could reasonably conclude that the defendants were carrying firearms with the intent to use them if necessary during the offense. *See United States v. Machado*, 804 F.2d 1537, 1547–48 (11th Cir.1986). *See also United States v. Brockington*, 849 F.2d 872, 876 (4th Cir.1988); *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985).

Finding the appellants' arguments to be without merit, the judgment of the district court is

AFFIRMED.