[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12572
Non-Argument Calendar

_____

D. C. Docket No. 06-00240-CR-J-32-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAREY LOUIS CHISHOLM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 10, 2008)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carey Louis Chisholm appeals his convictions for possession of cocaine and

marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and (b)(1)(D); and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). After review, we affirm.

## I. DISCUSSION

Ryan Vantassell, a narcotics detective with the Nassau County Sheriff's Office who was working on a multi-county drug trafficking task force, spotted Chisholm driving a car with an inoperable tag light and initiated a traffic stop. As Detective Vantassell approached Chisholm's car, he saw Chisholm closing the door of the glove box.

During a later search of the glove box, law enforcement officers found a loaded revolver, a cigarette box filled with ammunition, a pill bottle containing crack cocaine and a plastic shopping bag containing 47 one-and-a-half-inch blue plastic baggies of powder cocaine and marijuana. Officers also searched Chisholm and found in his pocket a sum of cash, a sandwich-sized plastic baggy containing marijuana and one small blue plastic baggie.

After being given a Miranda warning, Chisholm told Officer J.S. Padilla of the Jacksonville Sheriff's Office that he knew the gun and drugs were in the glove box, that he had possessed the gun for protection and that the drugs were for his personal use.

2

A grand jury charged Chisholm with: (1) possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count I); (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count II); (3) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (Count III); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count IV).

Prior to trial, Chisholm stipulated that the amounts of drugs found during the searches included 6.6 grams of cocaine powder, .1 grams of cocaine base and 14.9 grams of marijuana. Chisholm also stipulated that he was a convicted felon.

During trial, Detective Vantassell testified without objection that, based on his experience working narcotics cases, the drugs found in Chisolm's glove box were packaged for sale. Officer Padilla testified without objection that, given the quantity of drugs found in Chisolm's car, the drugs were not packaged in a manner consistent with personal use.

At the close of the government's case, Chisholm moved for a judgment of acquittal, but the district court denied the motion. The district court also denied Chisholm's renewed motion for judgment of acquittal at the close of all the evidence.

3

The jury found Chisholm guilty on all counts. The jury specifically found that Chisholm possessed a firearm in furtherance of the drug possession charges in Counts II and III. The district court sentenced Chisholm to concurrent 33-month sentences on Counts I through III and a consecutive 60-month sentence on Count IV, the firearm conviction. Chisholm filed this appeal.

## II. DISCUSSION

Chisholm argues that the district court erred by denying his motion for judgment of acquittal on Counts II, III and IV.[1] According to Chisholm, the evidence did not show that he intended to distribute the cocaine and marijuana that he possessed and that, in light of the lack of evidence to support his possession charges, his firearm conviction cannot stand.[2]

We review de novo a district court's denial of judgment of acquittal on sufficiency of evidence grounds. United States v. Yates, 438 F.3d 1307, 1311-12 (11th Cir. 2006) (en banc). In considering the sufficiency of the evidence, we view all of the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States

---

[1]On appeal, Chisholm does not challenge his conviction for possession of ammunition by a convicted felon (Count I).

[2]Chisholm does not dispute that he (1) knowingly possessed the cocaine and marijuana, or (2) used or carried the firearm. The only issues on appeal are whether the government presented sufficient evidence that Chisholm intended to distribute the cocaine and marijuana and that Chisholm used or carried the firearm "in relation to" a drug trafficking crime.

4

v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006), cert. denied, 127 S. Ct. 2096 (2007). "The evidence need not be inconsistent with every reasonable hypothesis except guilt, and the jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." United States v. Poole, 878 F.2d 1389, 1391 (11th Cir. 1989). We "cannot reverse a conviction for insufficiency of the evidence unless . . . we conclude that no reasonable jury could find proof beyond a reasonable doubt." United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990).

In order to sustain a conviction for possession of a controlled substance with intent to distribute, "the government had to prove three elements: (1) knowledge; (2) possession; and (3) intent to distribute." Poole, 878 F.2d at 1391. "Intent to distribute can be proven circumstantially from, among other things, the quantity of cocaine and the existence of implements such as scales commonly used in connection with the distribution of cocaine." Id. at 1392.

To convict a defendant under § 924(c)(1), the government must demonstrate that the defendant used or carried a firearm, during and in relation to a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A).[3] "The phrase 'in relation to'

___

[3]Possession with intent to distribute a controlled substance qualifies as a drug trafficking crime for purposes of § 924(c)(1)(A). See 18 U.S.C. § 924(c)(2); United States v. Rivera, 889 F.2d 1029, 1030-31 (11th Cir. 1989).

. . ., at a minimum, clarifies that the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Smith v. United States, 508 U.S. 223, 238, 113 S. Ct. 2050, 2058-59 (1993). "[T]he gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Id. at 238, 113 S. Ct. at 2059 (internal punctuation omitted). A "conviction under section 924(c) does not require either that the defendant be convicted of or charged with the predicate offense." United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005).

After reviewing the trial record, we conclude that the district court did not err when it denied Chisholm's motion for judgment of acquittal on the drug possession charges contained in Counts II and III. The government presented evidence that Chisholm kept the cocaine powder and some of the marijuana in 47 one-and-a half inch blue plastic baggies. Detective Vantassell and Officer Padilla testified that the way Chisholm packaged the drugs indicated that they were for sale and not for Chisholm's personal use. Chisholm did not object to this testimony and had the opportunity to cross-examine both witnesses. In addition to the drugs found in the glove compartment, Chisholm also had a firearm on top of the drugs and had in his pocket a sum of cash, an additional sandwich-sized baggie of marijuana and a smaller blue baggie. Viewing the evidence in the light most

6

favorable to the government, a reasonable trier of fact could find beyond a reasonable doubt that Chisholm intended to distribute the cocaine and marijuana he possessed.

The district court also did not err in denying Chisholm's motion for a judgment of acquittal as to the firearm charge in Count IV. Although § 924(c) does not require that Chisholm be convicted of or charged with the drug trafficking offense, we have already concluded that there was sufficient evidence to support Chisholm's convictions for possession with intent to distribute. Furthermore, Detective Vantassell testified that the loaded firearm was found inside the glove box on top of the small baggies of cocaine and marijuana. Chisholm admitted to Officer Padilla that he kept the gun for protection. A reasonable trier of fact could have inferred a nexus between the gun and the drug distribution based on the loaded gun's proximity to the drugs and to Chisholm. See United States v. Thompson, 473 F.3d 1137, 1143-44 (11th Cir. 2006), cert. denied, 127 S. Ct. 2155 (2007) (concluding there was sufficient evidence of nexus based on gun's accessibility and proximity to drugs); United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (same). Viewing the evidence in the light most favorable to the government, the evidence was sufficient for the jury to conclude that the firearm had the potential to facilitate Chisholm's distribution of the cocaine and marijuana

and, thus, was used during and in relation to a drug trafficking offense.

**AFFIRMED.**